JUDGE VANESSA D. GILMORE
United States Courthouse
515 Rusk Street, Room 9513
Courtroom 9A
Houston, Texas 77002
(713) 250-5931

Esthela Mares, Case Manager
United States District Clerk
Post Office Box 61010
Houston, Texas 77208
(713) 250-5512

# PROCEDURES

1. Contact with Court Personnel
2. Emergencies
3. Appearances
4. Motion Practice
5. Initial Pretrial Conferences and Scheduling Order
6. Required Pretrial Materials
7. Trial Settings
8. Continuances
9. Exhibits
10. Equipment
11. Courtroom Procedures
12. Voir Dire
13. Depositions
14. Settlement and Orders of Dismissal

**LAST REVISIONS APRIL 5, 2004**

## 1. CONTACT WITH COURT PERSONNEL

A. Case-related telephone inquiries should be made to the Case Manager only. Inquiries should not be made to the Court's secretary or law clerks.

B. The case load will not allow the Case Manager to respond to casual telephone inquiries about motions and case status. Inquiries regarding motions, status of the case, and similar matters should be in writing unless time does not permit.

C. Information about the filing of documents, entry of orders, or docket entries should be obtained from the Civil Docket Coordination Center of the United States District Clerk's Office.

D. Case-related correspondence should be addressed to:

United States District Clerk
Post Office Box 61010
Houston, Texas 77208

E. Do not address substantive issues in letter form because they are not docketed or included in the appellate record.

F. If you have urgent motions or documents that require prompt attention by the Court, send an extra copy of the motion or brief to chambers with an extra copy of your transmittal or filing letter stating in the letter the reasons that the matter requires the Court's prompt attention.

## 2. EMERGENCIES

A. Applications for restraining orders or for other immediate relief shall be made through the Case Manager. Such applications shall be presented to the Court by the Case Manager following counsel's affirmation that the opposing party has been contacted and that both parties can be available for an in-chambers conference before the Court. Ex *parte* applications for restraining orders will not be entertained by the Court unless the requirements of Fed. R. Civ. P. 65(b) have been satisfied.

B. Motions for extension of deadlines or cut-off dates are not emergencies.

**3. APPEARANCES**

A. An attorney or *pro se* party who appears at a hearing or conference shall

(1) be familiar with the case,

(2) have authority to bind the client and

(3) be in charge for that appearance.

B. If out-of-town counsel wish to appear by telephone, a written request should be made to the Case Manager as far in advance of the conference as reasonably possible. The Court will attempt to accommodate such requests.

C. Counsel or a *pro se* litigant will notify the Case Manager *immediately* of the resolution of any matter that is set for trial or hearing.

D. Failure to appear when notified of a setting may subject the attorney and/or his or her client to sanctions including dismissal for want of prosecution and/or other appropriate judgment.

**4. MOTION PRACTICE**

A. The Court follows the written motion practice described in the Local Rules. Opposed motions must be accompanied by a separate proposed order granting the relief requested. Summary judgment orders must specifically set out the movant's proposed findings of fact and conclusions of law. Because most motions will be ruled on without an oral hearing, brief, clear motion papers are very important. The motion and response will be considered by the Court after the submission date.

B. All motions, pleadings and other communication to the Court must be served on all other parties in the case.

C. A submission date may be extended by agreement of counsel except when the extension violates a Court-imposed deadline. Counsel should immediately notify the Case Manager, in writing, of such an agreement.

D. The Court believes that most discovery disputes, especially those dealing with: (1) scheduling; (2) the number, length, or form of oral or written questions; (3) the responsiveness of answers to oral or written questions; and (4) the mechanics of document

production, including protective orders and the proper method of raising claims of privilege, should be resolved by counsel without the intervention of the Court.

No written discovery motions shall be filed without the prior approval of the Court. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party shall then contact the Case Manager and seek a prompt hearing with the Court by telephone or in person. The request for a hearing with the Court carries with it a professional representation by the lawyer that a conference has taken place and that he or she has made a good faith effort to resolve the dispute. The lawyers or unrepresented parties shall file a **one-page** letter with the Court outlining the nature of the dispute. If the Court requests, the parties shall supply the Court with the particular discovery materials (such as objectionable answers to interrogatories) that are needed to understand the dispute. If the Court decides that motion papers and supporting memoranda are needed to satisfactorily resolve the discovery dispute, such papers shall be filed in conformity with Local Rule 6.

E. Motions for extension of discovery must be filed far enough in advance of the deadline to enable opposing counsel to respond before the deadline.

E. Excessive filing of a large number of motions or filing voluminous paperwork may result in sanctions.

F. Requests for oral argument on motions are not necessary. The Case Manager will notify counsel if the Court determines that oral argument would be beneficial. Any motion conference requested by the Court will be held in open Court. If counsel anticipates the need to offer evidence and testimony, leave to do so must be obtained from the Court in advance.

G. The Court requires concise, pertinent, and well-organized briefs and memoranda of law. Each motion, memorandum or brief filed in this Court shall be limited to 20 pages unless counsel obtains leave of Court for longer submissions (if counsel chooses to file a separate motion and brief in support, the combined limit for both pleadings is still twenty (20) pages). Any memorandum that is more than 15 pages must be accompanied by a concise summary, no longer than 3 pages, narrowing the points in the brief.

Any reply to a response shall be limited to 10 pages.

H. All briefs and memoranda must contain the following items:

(1) A short statement of the nature and stage of the proceeding.

(2) A statement of the issues to be ruled upon by the Court and a short statement, supported by authority, of the standard of review for each issue.

(3) Argument divided under appropriate headings succinctly setting forth separate points.

(4) A short conclusion stating the precise relief sought.

Any brief or memorandum that has more than 15 pages of argument must also contain the following items listed:

(5) A table of contents setting forth the page number of each section, including all headings designated in the body of the brief or memorandum.

(6) A table of citations of cases, statutes, rules, textbooks and other authorities, alphabetically arranged.

(7) A short summary of the argument.

I. Any brief, memorandum, or motion that cites authorities not found in the United States Code, United States Supreme Court Reporter, Federal Reporter, Federal Supplement, Southwestern Reporter Second or Vernon's Revised Statutes and Codes Annotated should have attached as an appendix copies of the relevant parts of authorities and complete copies of cases. Copies of any affidavits, deposition testimony, or other discovery referred to should also be contained in the appendix. All appendices should contain a paginated table of contents and should be tabbed for ease of reference to the materials in the appendix.

J. All exhibits (contract, leases, affidavits, etc.) referred to in briefs must be attached to the brief. Copies of all unpublished cases and all state cases other than Texas cases cited shall also be attached to the pleading.

K. Substantive issues of law shall not be addressed in letter form to the Court. They should be filed in the form of a pleading with the Clerk.

L. Counsel must notify the Case Manager immediately if any matter is resolved prior to the setting.

M. **If a Motion Hearing is scheduled and a pleading is filed within 5 days of the scheduled hearing, counsel shall deliver a courtesy copy to chambers.**

When a motion is filed to continue a sentencing in a criminal case to allow the Defendant to cooperate with the government, it must be accompanied by a verified statement from the prosecutor that the Defendant has not been arrested or charged with a new offense.

## 5. INITIAL RULE 16 PRETRIAL CONFERENCES AND SCHEDULING ORDER

Refer to Amended Local Rule 8. In cases filed after January 1, 1992 or as instructed by the Court, counsel will prepare and file a Joint Report of Meeting and Joint Discovery/Case Management Plan in the form provided, before the initial pretrial conference. The parties may agree on deadlines for completion of any pretrial matter and bring a proposed docket control order with them to the initial pretrial conference. At the conference, the Court will enter a scheduling and docket control order.

The scheduling and docket control order will control the subsequent course of the case and shall not be modified except by leave of this Court upon a showing of good cause.

If new parties are joined subsequent to the mailing of the order, the party causing such joinder shall provide copies of all orders previously entered in the case, along with the scheduling and docket control order and the Court's procedures manualto the new parties.

## 6. REQUIRED PRETRIAL MATERIALS

### A. Joint Pretrial Order

Counsel for the plaintiff is responsible for ensuring that the Joint Pretrial Order is filed on time. Counsel for the defendant is responsible for supplying the plaintiff with a final version of its pretrial order (on computer disc where available) at least three (3) days before the Joint Pretrial Order is due. A form Joint Pretrial Order is attached. This form may be adapted within reason to the size and type of case. Joint pretrial orders must be signed by all counsel.

If plaintiff fails to file the Joint Pretrial Order, then the defendant is responsible for filing defendant's portions of a Proposed Pretrial Order. All parties are responsible for complying with all requirements of the Final Joint Pretrial Order.

Failure to timely file the Joint Pretrial Order will subject counsel and his or her client to sanctions, including dismissal for want of prosecution and/or other appropriate judgment.

B. **Other Required Documents**

With the filing of the pretrial order the parties must also file as separate documents IN DUPLICATE (captioned, signed by counsel, and including a certificate of service):

(1) For Jury Trials

a. A single, joint set of proposed jury instructions or definitions and interrogatories.

Each requested instruction or definition must be numbered and presented on a separate sheet of paper with authority. Counsel are to include any necessary instructions or definitions, specifically including precise details of (1) *the prima facie* elements of any cause of action asserted, (2) legal definitions required by the jury, (3) items of damages, and (4) methods of calculation of damages.

Even if the parties, in good faith, cannot agree on all instructions or interrogatories, the parties will nonetheless submit a single, unified charge. Each disputed instruction, definition, or interrogatory is to be set out in bold type or italics and identified as disputed. Each disputed item should be labeled to show which party is requesting the disputed language. Accompanying the charge will be all authority, citations or related materials upon which the offering party relies.

b. Memorandum of law.

(2) For Non-Jury Trials

a. Proposed findings of fact and conclusions of law.

b. Memorandum of law.

(3) For All Trials and Evidentiary Hearings:

a. Exhibit lists.

b. Objections to exhibits.

c. Witness lists.

## 7. TRIAL SETTINGS

A. The Court holds docket call the last Friday of each month. Unless counsel are notified to the contrary, the Court will use docket call as a final pretrial conference. All pending motions may be ruled on at docket call. The Court maintains a one month trailing docket during which a case is subject to being called to trial on short notice.

B. The Case Manager cannot ascertain when a case will be reached or where a case is on the docket in advance of the docket call. After the one month trial term begins, the Case Manager will keep in close touch with counsel and every effort will be made to give maximum notice concerning trial settings. Counsel are hereby notified that they will be on call on short notice during that one month trial term. Unless an attorney has actually begun trial in another Court, prior settings will not cause a case to be continued. Should an attorney be in trial in another Court when his or her case is reached in Judge Gilmore's Court, the attorney may be expected to go into trial in Judge Gilmore's Court upon conclusion or settlement of the case in trial if the conclusion falls within the one month period.

C. A case not reached for trial will be reset as soon as possible.

## 8. CONTINUANCES

A. Joint motions for continuances are not binding and will be granted only at the Court's discretion.

B. Bona fide vacation requests will be respected if they are made well in advance of the trial setting.

C. A trial will not be continued because of the unavailability of a witness. Counsel are expected to anticipate such possibilities and should be prepared to present testimony by written deposition, video taped deposition, or by stipulation.

D. Counsel are reminded that, as required by The Civil Justice Reform Act of 1990, 28 U.S.C. § 473(b)(3), the Cost and Delay Reduction Plan adopted by the Court on October 24, 1991, states that "all requests for extensions of deadlines for completion of discovery or for postponement of the trial [must] be signed by the attorney and the party making the request."

## 9. EXHIBITS

Civil Cases

A. All exhibits must be marked and exchanged among counsel *before* trial. The offering party will mark his or her own exhibits with the party's name, case number, and exhibit number on each exhibit to be offered.

B. The Court will admit all exhibits listed in the final pretrial order into evidence unless opposing counsel files written objections supported by authority as provided in the applicable rules.

C. The Court will not admit duplicate exhibits for the Plaintiff and the Defendant. The parties are to confer after exchanging exhibits to compile a duplicate exhibit list on a form attached to these rules.

D. All exhibits will be offered and received into evidence as the first order of business at trial.

E. Counsel may pass exhibits to the jury during trial with permission in advance from the Court. All admitted exhibits will go to the jury during its deliberations.

F. Counsel for each party is required to provide the Court with a copy of that party's exhibits in a properly tabbed and indexed notebook.

G. Counsel should become familiar with Local Rule 11.c. regarding disposition of exhibits following trial.

Criminal Cases

Counsel for the government and the defendant are required to provide a list of proposed exhibits to the Court at the time of trial. All exhibits must be marked, including the case number, prior to trial. It is not required that the defendant provide a copy of its exhibit list to the government.

## 10. EQUIPMENT

A. Counsel are responsible for providing sound or video equipment. Inform the Case Manager before trial so arrangements can be made to accommodate building security.

B. Easels with writing pads and blackboards are available for use in the courtroom.

## 11. COURTROOM PROCEDURES

A. **<u>Hours</u>**: The Court's hours during trial will vary depending upon the type of case and the needs of the parties, counsel, witnesses, and the Court. Court will normally convene at 9:00 a.m. and adjourn around 5:00 p.m., recessing for lunch between 12:00 p.m. and 1:15 p.m.

B. **<u>Access at Other Times</u>**: Counsel needing access to the courtroom to set up equipment or exhibits outside normal hours must arrange in advance with the Case Manager to have the courtroom open.

C. **<u>Telephones</u>**: Telephone messages will **not** be taken by the Judge's staff and counsel shall refrain from requesting use of telephones in chambers. Public telephones are available beside the elevators.

D. **<u>Filing of Documents</u>**: Two copies of documents filed immediately before and during trial should be submitted to the Case Manager.

E. **<u>Decorum:</u>**

(1) Counsel and parties will comply with Local Rule 21 regarding courtroom behavior. These procedures are strictly enforced.

(2) Counsel will ensure that all parties and witnesses refrain from chewing gum, drinking, eating, smoking, or reading newspapers, books, etc. in the courtroom. No telephones or beepers are allowed in the courtroom.

F. **<u>Witnesses.</u>**

(1) Counsel are responsible for summoning witnesses into the courtroom and instructing them on courtroom decorum. Counsel may question witnesses either from counsel table or a podium. Do not ask the Court's permission to approach a witness.

(2) Counsel shall make every effort to elicit from the witnesses only information relevant to the issues in the case and to avoid cumulative testimony.

(3) Counsel should bear in mind the Court's hours and arrange for witnesses accordingly. The Court will not recess to permit counsel to call a missing witness unless he or she has been subpoenaed and has failed to appear.

G. **Seating**:

The Court does not designate seating at counsel tables. This is determined on a first-come, first-serve basis on the first day of trial.

H. Counsel shall conduct opening statements and closing arguments either from a lectern, standing before the jury, or facing the Court.

I. While the jury is deliberating, counsel are to remain near the courtroom to be available immediately for jury notes or a verdict unless given permission to leave by the Court.

J. After the jury and counsel are excused, counsel may not contact jurors unless otherwise permitted by the Court.

**12. VOIR DIRE**

The Court will conduct a preliminary examination of the jury panel. At the Court's discretion, each side may be allowed to examine the panel following the Court's examination. Proposed voir dire questions must be submitted as part of the Joint Pretrial Order.

**13. DEPOSITIONS**

A. The Court will accept the parties' agreement to use a deposition at trial even though the witness is available; otherwise, follow Fed. R. Civ. P. 32.

B. Before trial, counsel must provide the Case Manager with a copy of any deposition to be used at trial.

C. Counsel will designate the portions of any deposition to be read or shown by videotape by citing pages and lines in the Pretrial Order. No more than 30 minutes of videotape testimony may be shown for any one witness without prior consent of the Court. Objections to those portions (citing pages and lines) with supporting authority must be filed at least three (3) business days before trial.

D. Use of videotaped depositions is permitted if counsel edit to resolve objections and incorporate the Court's rulings on objections.

E. In a *court trial,* counsel shall offer the entire deposition as a trial exhibit. In addition, counsel shall attach to the front of the deposition exhibit a summary of what each party

intends to prove by such testimony. If specific portions of the deposition are to be offered, counsel shall attach to the front of the deposition exhibit a list of those portions, citing line and page number inclusively.

## 14. SETTLEMENTS AND ORDERS OF DISMISSAL

### A. <u>Settlements</u>

(1) Counsel shall immediately notify the Case Manager of a settlement of any case set for conference, hearing, or trial.

(2) Announcement of settlement must be followed by the closing papers within thirty days or the Court will dismiss the case.

(3) Upon settlement of a suit involving a minor plaintiff, counsel will jointly move for appointment of a guardian ad litem if there is potential conflict of interest between the parent(s) and the minor. If counsel cannot agree on a guardian ad litem, each counsel will submit the names of three proposed ad litems, and the Court will appoint a guardian ad litem. With the motion for appointment, counsel will notify the Case Manager by letter requesting a settlement conference.

### B. <u>Orders of Dismissal</u>

Any defendant upon whom service has not been perfected within 120 days after the complaint is filed will be dismissed for want of prosecution in accordance with Fed. R. Civ. P. 40).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ______________________________, | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | |
| ______________________________, | § | |
| Defendants, | § | |

JOINT PRETRIAL ORDER

1. APPEARANCE OF COUNSEL

List each party, its counsel, and counsel's address and telephone number in separate paragraphs.

2. STATEMENT OF THE CASE

Give a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties; include names, dates, and places.

3. JURISDICTION

Briefly specify the jurisdiction of the subject matter and the parties. If there is an unresolved jurisdictional question, state it.

4. MOTIONS

List pending motions.

5. CONTENTIONS OF THE PARTIES

State concisely in separate paragraphs each party's claims.

6. ADMISSIONS OF FACT

List all facts that require no proof.

7. CONTESTED ISSUES OF FACT

List all material facts in controversy.

8. AGREED PROPOSITIONS OF LAW

List the legal propositions that are not in dispute.

9. CONTESTED PROPOSITIONS OF LAW

State briefly the unresolved questions of law, with authorities to support each.

10. EXHIBITS

A. On a form similar to the one provided by the clerk, each party will attach two lists of all exhibits in compliance with F.R. Civ. P. 26(3)(C) identifying each document or other exhibit and separately identifying those documents which the party **expects** to offer and those which the party **may** offer if the need arises. All documentary exhibits must be exchanged before trial, except for rebuttal exhibits or those whose use cannot be anticipated, and all other exhibits will be made available for examination by opposing counsel.

B. A party requiring authentication of an exhibit must notify the offering counsel in writing within five (5) days after the exhibit is listed and made available; failure to object in advance of the trial in writing concedes authenticity.

C. Within reason, other objections to admissibility of exhibits must be made at least three business days before trial; the Court will be notified in writing of disputes, with copies of the disputed exhibit and authority.

D. Parties must mark their exhibits to include the case number on each.

E. The parties are to confer after exchanging exhibits to compile a duplicate exhibit list on a form attached to these rules.

F. At the trial, the first step will be the offer and receipt in evidence of exhibits.

11. WITNESSES

A. List the names, addresses and telephone numbers of all witnesses in compliance with F. R. Civ. P. 26 (3)(A) separately identifying those witnesses whom the party **expects** to present and those whom the party **may** call if the need arises. Include a brief statement of the nature of their testimony. If a witness is to appear by deposition, cite the inclusive pages and lines to be read as part of the pretrial witness list.

B. Include:

"If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses."

12. SETTLEMENT

State that all settlement efforts have been exhausted, that the case cannot be settled, and that it will have to be tried.

13. TRIAL

A. Probable length of trial; and

B. Logistical problems, including availability of witnesses, out-of-state people, bulky exhibits, and demonstrations.

14. ATTACHMENTS

Include these required attachments:

A. For a jury trial:

(1) Proposed questions for the voir dire examination.

(2) Proposed charge, including instructions, definitions, and special interrogatories, with authority.

B. For a non-jury trial:

(1) Proposed findings of fact (without repeating uncontested facts) and

(2) Conclusions of law, with authority.

Date: ______________________________ ______________________________
UNITED STATES DISTRICT JUDGE

Approved:

Date: ______________________________ ______________________________
Attorney-in-Charge, Plaintiff

Date: ______________________________ ______________________________
Attorney-in-Charge, Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ______________________________ | § | ______________________ |
| | § | CA/CR NO. |
| ______________________________ | § | |
| | § | **VANESSA D. GILMORE** |
| versus | § | Judge |
| | § | |
| ______________________________ | § | Esthela Mares___________________ |
| | § | Case Manager Court Reporter |
| ______________________________ | § | |
| | | ______________________________ |
| | | Proceeding |

**EXHIBIT LIST OF** ________________________________

| No. | Description | Offr | Obj. | Date Admit | Date N/Adm |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

exhibit.lst

**EXHIBIT LIST OF ___________________________________ CA/CR NO. __________**

| No. | Description | Offr | Obj. | Date Admit | Date N/Adm |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

exhibit.lst

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
| --- | --- |
| versus | **DUPLICATE EXHIBIT LIST**<br>CA/CR-H-______________<br>**VANESSA D. GILMORE**<br>Judge<br>______________________<br>Proceeding |
| PLAINTIFF'S EXHIBITS | DEFENDANT'S EXHIBITS |

| No. | Description | Date Admit | No. | Description | Date Admit |
| --- | --- | --- | --- | --- | --- |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

DUP-EXH.LST

**DUPLICATE EXHIBIT LIST continued____________________ CA/CR NO. __________**

| PLAINTIFF'S EXHIBITS | | | DEFENDANT'S EXHIBITS | | |
|---|---|---|---|---|---|
| No. | Description | Date Admit | No. | Description | Date Admit |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

DUP-EXH.LST

Revisions:

All requests for adjournments or extensions of time must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied.

**2. Motions**

**A. Pre-Motion Conference in Civil Cases.** For discovery motions, follow Local Civil Rule 37.2. For motions other than discovery motions, a pre-motion conference with the court is required before making any motion, except application to temporary restraining orders or for injunctive relief, motions made by persons in custody, motions regarding any right that might be affected by a time limitation, motions to dismiss in lieu of an answer, motions for re-argument, motions for remand, pro hac vice motions, and appeals from a magistrate judge's ruling. To arrange a pre-motion conference, the moving party shall submit a letter not to exceed two pages in length setting forth the basis for the anticipated motion. An adversary must respond within three business days in a writing of no more than two pages.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ______________________________, | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H- |
| | § | |
| ______________________________, | § | |
| Defendants, | § | |

**JOINT DISCOVERY/ CASE MANAGEMENT PLAN**
**UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

Please restate the instruction before furnishing the information.

1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

3. Briefly describe what the case is about.

4. Specify the allegation of federal jurisdiction.

5. Name the parties who disagree and the reasons.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

7. List anticipated interventions.

8. Describe class-action issues.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).
    B. When and to whom the plaintiff anticipates it may send interrogatories.
    C. When and to whom the defendant anticipates it may send interrogatories.
    D. Of whom and by when the plaintiff anticipates taking oral depositions.
    E. Of whom and by when the defendant anticipates taking oral depositions.
    F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.
    G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).
    H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

11. If the parties are not agreed on a part ofthe discovery plan, describe the separate views and proposals of each party.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

13. State the date the planned discovery can be reasonably completed.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

18. State whether a jury demand has been made and if was made on time.

19. Specify the number of hours it will take to present the evidence in this case.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

21. List other motions pending.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

| | |
|---|---|
| ________________________________ | ______________________________ |
| Counsel for Plaintiff(s) | Date |
| ________________________________ | ______________________________ |
| Counsel for Defendant(s) | Date |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| | § | |
| Plaintiff , | § | |
| | § | |
| versus | § | CIVIL ACTION NO. |
| | § | |
| | § | |
| | § | |
| Defendant . | § | |

**SCHEDULING ORDER**

1. **AMENDMENTS TO PLEADINGS and ADDITION OF NEW PARTIES**
Party requesting joinder will furnish a copy of this scheduling order to new parties.

**EXPERTS**

2a. Plaintiff will designate expert witnesses in writing, listing the qualifications of each expert, the opinions the expert will present, and the bases for the opinions as required under Federal Rules of Civil Procedure 26(a)(2).

2b. Defendant will designate expert witnesses in writing, listing the qualifications of each expert, the opinions the expert will present, and the bases for the opinions as required under Federal Rules of Civil Procedure 26(a)(2).

3. **DISCOVERY**
Counsel may, by agreement continue discovery beyond the deadline. No continuance will be granted because of information acquired in post-deadline discovery.

4. **MOTIONS DEADLINE**
Including any motion challenging an expert witness. (only motions in limine on issues other than experts may be filed after this date) The motion deadline may <u>not</u> be changed by agreement.

**JOINT PRETRIAL ORDER**

5a. THE DEFENDANT shall supply the Plaintiff with a final version of its pretrial order by this date. (Where available, Defendant should supply Plaintiff with a computer disc)

5b. THE PLAINTIFF is responsible for filing the pretrial order on this date.

6. **DOCKET CALL** is set at 1:30 p.m. in Courtroom 9A.

**TRIAL**

7. Case is subject to being called to trial on short notice during this month.

7a. Estimated days to try

7b. Trial to be jury or non-jury

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this the _____day of ______________, 20___, at Houston, Texas.

______________________________

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | | |
|---|---|---|---|
| | | § | |
| | | § | |
| | Plaintiff , | § | |
| | | § | |
| versus | | § | CIVIL ACTION NO. |
| | | § | |
| | | § | |
| | | § | |
| | Defendant . | § | |

**CERTIFICATE OF SERVICE IN REMOVED ACTION**

I certify compliance with the court's order entered upon filing of the petition for removal of this action.

On _____________________________, 20____, I served copies of the Order for Conference and Court Procedures on all other parties.

___________________________________ ______________________________________
Date Attorney for Defendant(s)

*(Revised May 2001)*

**NOTICE OF THE RIGHT TO CONSENT TO THE DISPOSITION OF A CIVIL CASE BY A MAGISTRATE JUDGE**

Upon the consent of all the parties, the United States magistrate judge of this court may conduct all proceedings in a civil case, including a jury trial and entry of final judgment. Consent forms are available from the Clerk.

Your decision to consent to the referral of your case to a United States magistrate judge is entirely voluntary and should be communicated solely to the Clerk. Only if all the parties consent will either the district judge or magistrate judge be informed of your decision.

The district judge to whom your case is assigned must approve the reference of the case to a magistrate judge.

At the time of consenting to trial by a magistrate judge, a choice must be made between an appeal (a) to the Court of Appeals or (b) to a District Judge.

*Michael N. Milby,* Clerk
United States District Clerk
Southern District of Texas

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| | § | |
| Plaintiff , | § | |
| | § | |
| versus | § | CIVIL ACTION NO. |
| | § | |
| | § | |
| | § | |
| Defendant . | § | |

## Consent to Proceed Before a Magistrate Judge

All parties to this case waive their right to proceed before a District Judge and consent to have a United States Magistrate Judge conduct all further proceedings, including the trial and judgment. 28 U.S.C. § 636(c).

________________________________ ________________________________

________________________________ ________________________________

## Order to Transfer

This case is transferred to United States Magistrate Judge Mary Milloy to conduct all further proceedings, including final judgment.

________________________________
Date

________________________________
United States District Judge